OPINION
Plaintiff-Appellant Jerry Throckmorton is appealing the Greene County Common Pleas Court's grant of summary judgment to Defendants-Appellees Hills Communities, Inc. (hereinafter "Hills") and the City of Beavercreek. In his three assignments of error, Throckmorton contends the court erred in dismissing his claims against Beavercreek, in granting summary judgment to Beavercreek and Hills, and in determining that it was without jurisdiction to hear Throckmorton's case. For the reasons that follow, we affirm the judgment of the trial court.
On November 25, 1998, Throckmorton filed a three-count complaint against Hills and Beavercreek as well as two other defendants who are not appellees herein, the Bharatiya Partnership and the Hindu Community Organization, Inc. Although the record does not include many of the documents discussed by the parties in their various filings, we are able to discern from it that Throckmorton lives at 2705 Lillian Lane in Beavercreek, Ohio and that the land to the south of his lot is owned by the Hindu Community Organization, Inc. Hindu Community is building or has already completed construction of a temple and community hall on a part of its property. In addition, the Bharatiya Partnership owns land contiguous to Hindu Community's, upon which it intends to construct a condominium complex. Hills is the developer for the project on the Bharatiya Partnership's land.
In Count One of his complaint, Throckmorton claimed Hindu Community's use of its land violated the Beavercreek zoning code regulations pertaining to the maximum number of parking spaces permitted, the driveway dimensions, and the requirement that it screen its lot with landscaping during and after construction of the temple and community hall on its lot. He further alleged that the violation constituted a nuisance per se which infringed upon his property rights. In Count Two of his complaint, Throckmorton contended the site plan for the condominium complex proposed by the Bharatiya Partnership violated the density requirements contained in Ordinance 96-33 relating to the project. In Count Three, Throckmorton asserted that approval of Hindu Community's request that a portion of their land be rezoned from a single-family residential zone to a two-family residential zone would constitute a violation of the applicable planned unit development district provisions in the Beavercreek Zoning Code.
In February of 1999, both Beavercreek and Hills filed motions for summary judgment and motions for stays of discovery or protective orders; the motions concerning discovery were granted pending the outcome of the motions for summary judgment. In its motion for summary judgment, Hills claimed neither of Counts One and Three contained any allegation against Hills and that the allegation in Count Two had been rendered moot by later amendment of the site plan to comply with the original density requirements. Hills attached the affidavit of its vice-president, Glenn Brehm, in which he stated that the development plan finally approved on January 25, 1999, was in compliance with Ordinance 96.33. In Beavercreek's motion for summary judgment, the city claimed Count One included no allegation against Beavercreek and that it is under no duty to abate the nuisance claimed by Throckmorton. Like Hills, Beavercreek also argued that Count Two of the complaint had been rendered moot by subsequent amendment of the development plan to comply with Ordinance 96-33. The city further claimed that the trial court was without jurisdiction to hear the cause of action advanced by Throckmorton in Count Three of his complaint.
On August 17, 1999, the trial court issued its decision on both motions for summary judgment. The court agreed with Hills and Beavercreek that Count One of Throckmorton's complaint alleged no cause of action against them, and further agreed with Beavercreek that the city could not be mandated to recognize a nuisance and that it had no duty to abate the alleged nuisance. In addition, the court found Count Two of Throckmorton's complaint had been rendered moot by Beavercreek's amendment of the development plan to comply with the density requirements. Finally, the court concluded that Count Three contained no allegation of damage or adverse affect from actions or possible actions taken by Hills or Beavercreek and that Throckmorton consequently had no standing to assert his claim under R.C. § 713.13 which requires a showing that the plaintiff has been "especially damaged." Thus, summary judgment was granted to Hills and Beavercreek on all counts. From this judgment, Throckmorton brings his appeal.
 I.
The Greene County Court of Common Pleas erred in dismissing the claims against The City of Beavercreek.
In his first assignment of error, Throckmorton claims the trial court erred in granting summary judgment to Beavercreek as to Count One of his complaint. He does not contend that summary judgment on that count was inappropriate as to Hills.
With respect to Beavercreek, the theory behind Count One of Throckmorton's complaint is murky. In it, he alleges that (1) the Hindu Community Organization development does not comply with Beavercreek's zoning code; (2) the Hindu Community Organization's use of its property is in violation of its conditional use permit; (3) the violations of the zoning code and the conditional use permit constitute nuisance per se and consequently infringe upon Throckmorton's property rights; and (4) he brings Count One of his complaint pursuant to Beavercreek Zoning Code § 158.998(A)(1). We agree with Beavercreek and the trial court that Throckmorton's assertions in Count One fail to allege any action by Beavercreek for which the city can be held liable or for which an injunction against the city would be an appropriate remedy. If indeed the Hindu Community Organization's violation of the zoning code and its conditional use permit constitute nuisance per se, then Throckmorton's remedy is to sue for an injunction against the Organization, not Beavercreek. If Throckmorton's goal is to obtain a court order requiring Beavercreek to enforce the zoning code, then the proper avenue for doing so is through the administrative process, if such is provided by the Beavercreek Zoning Code, or through a petition for a writ of mandamus, not a complaint in nuisance per se against the city. Moreover, we note that Throckmorton has not claimed to have suffered any damages as a result of the alleged code and conditional use permit violations, nor does he claim he will so suffer in the future.
Throckmorton's first assignment of error is accordingly overruled.
 II.
The Greene County Court of Common Pleas erred when granting The City of Beavercreek and Hills Community, Inc.'s motion[s] for summary judgment.
In his second assignment of error, Throckmorton claims Beavercreek and Hills presented no evidence to support their assertions that the final plan for development of the condominium complex on the Bharatiya Partnership's land had been amended after Throckmorton filed his complaint, and that the final plan complied with the density requirements set forth in Beavercreek Ordinance 96-33 Section III(4). As a prelude to our consideration of Throckmorton's second assignment of error, we note that whether summary judgment is appropriate hinges upon the movant's demonstration that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C). In addition, the burdens placed upon both the movant and nonmovant in a motion for summary judgment are as follows:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(Exhibit) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The court had previously held that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production." Wing v. Anchor Media,Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus. In Dresher, however, the court expressed a belief that its holding in Wing was too broad. Thus, after Dresher, a nonmovant is required to produce evidence only on those issues upon which the movant has sustained his or her initial burden as stated above. It is with these principles in mind that we approach the merits of Throckmorton's second assignment of error.
Although Throckmorton claims Beavercreek and Hills failed to sustain their burden as explained above, we observe that Hills attached to its motion for summary judgment the affidavit of Glenn Brehm, vice-president of Hills. Therein, Mr. Brehm averred that on January 25, 1999, the Beavercreek City Council approved a development plan for the property that was in all respects compliant with the requirements of Ordinance 96-33 and all other applicable zoning ordinances. Although the better practice would have been to submit a copy of the January 25, 1999, site plan with its motion for summary judgment, we find Mr. Brehm's affidavit sufficient to meet Hills' burden of showing that no genuine issue of material fact exists respecting Throckmorton's claimed violation of the density requirements.
At that point, it became Throckmorton's burden to point to evidence in the record showing there was a genuine issue for trial. Throckmorton, however, set forth no specific facts to satisfy his burden. Before us, he claims the trial court's stay of discovery has prevented him from obtaining a copy of the January 25, 1999, site plan. As noted by Beavercreek in its brief, however, the approved site plan is a matter of public record and Throckmorton therefore had access to it regardless of the trial court's stay of discovery. Consequently, summary judgment was appropriately granted to Hills as to Count Two.
As for Beavercreek, we question whether the Second Count of Throckmorton's complaint sufficiently alleges any action on the part of the city for which it could be liable. And again, if Throckmorton's goal was to obtain a court order compelling Beavercreek to enforce the zoning code, the proper way in which to do so is by a petition for a writ of mandamus, not a complaint seeking an injunction against the city. Even so, the evidence in the record as discussed above leaves no genuine issue for trial respecting Throckmorton's claim that the development plan for the condominium complex violated the zoning code. Consequently, summary judgment was properly granted to Beavercreek as to Count Two of Throckmorton's complaint.
Accordingly, Throckmorton's second assignment of error is overruled.
 III.
The Greene County Court of Common Pleas has jurisdiction to hear this case under ORC § 713.13.
In his third and final assignment of error, Throckmorton claims the trial court erred in finding that he failed to plead he would be "especially damaged" by Beavercreek's approval of Hindu Community Organization's request that a certain lot owned by the organization be rezoned from a single-family residential zone to a two-family residential zone. R.C. § 713.13, pursuant to which Throckmorton brought Count Three of his complaint, provides in relevant part as follows:
 No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation * * *. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation.
Our sister court in the Tenth Appellate District has noted that "[t]he term `especially damaged' implies that the damage be material; that is, the failure to issue an injunction will result in a substantial hardship on the moving party that cannot be relieved in another manner." Bettis v. Gilbert (Jan. 16, 1990), Franklin App. No. 89AP-562, unreported.
The trial court found that Throckmorton had produced no evidence showing he was being or was about to be "especially damaged" by the proposed rezoning, and consequently it concluded that Throckmorton was without standing to pursue his claim in Count Three of his complaint. We agree. See Miller v. W.Carrollton (1993), 91 Ohio App.3d 291, 296 (stating the determination that a property owner has been "especially damaged" by an adjoining or neighboring property owner's zoning violation determines the first property owner's standing to bring an injunction action, but does not resolve whether the injunction should issue).
Throckmorton argues the zoning change, as proposed and if approved, would violate the Beavercreek Zoning Code Planned Unit Development Provision 96-1 (hereinafter "PUD 96-1"). He claims that the violation of PUD 96-1 would infringe on his property rights by interfering with his use and enjoyment of his property. In support, he cites our decision in Miller, supra, wherein we stated "[w]hen a public nuisance interferes with the use and enjoyment of a plaintiff's land, he has sustained a special injury and he may proceed under a private nuisance action." Id. Throckmorton has provided no evidence, however, of how the zoning change would interfere with his use and enjoyment of his land, nor has he produced evidence of any nuisance, public or otherwise, that would be created by the zoning change. He has also failed to show that he would suffer any special injury or particular damage not incurred by the public generally as a result of the proposed rezoning. Thus, the quotation Throckmorton takes from our decision in Miller is inapposite. Nothing in the record suggests Throckmorton's use and enjoyment of his property would be affected by the proposed zoning change, much less that he would be "especially damaged" by the change. Consequently, he does not have standing to pursue an injunction against the proposed rezoning.
Even if Throckmorton possessed standing to pursue his claim, however, we question whether it could be pursued against Beavercreek and Hills under R.C. § 713.13, which appears to authorize a suit for injunctive relief against only the property owner whose use of his or her property violates of the zoning code. The proper avenue by which Throckmorton may pursue his dissatisfaction with the proposed zoning change is either through the process of administrative appeal, if the Beavercreek Zoning Code provides for such, or a petition for a writ of mandamus seeking an order to compel the city to enforce the zoning code. Moreover, Throckmorton's complaint and subsequent filings fail to explain how the zoning change would violate the Beavercreek Zoning Code.
Like his first and second, we find Throckmorton's third assignment of error to be without merit. Accordingly, the judgment of the trial court is affirmed.
GRADY, P.J. and BROGAN, J., concur.